IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KRISTA MICHELE TRAPP, | ) |
| | ) |
| Plaintiff, | ) No. 1:12-cv-0029 |
| | ) JUDGE HAYNES |
| v. | ) |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

Plaintiff, Krista Michele Trapp, a Tennessee citizen, originally filed this action in the Circuit Court for Lawrence County, Tennessee, against Defendant Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas[1]. Plaintiff asserts state law claims for retaliatory discharge. The gravamen of Plaintiff's claim is that she was terminated in retaliation for her filing a worker's compensation claim against Defendant, her former employer. Defendant removed the action to this Court under 28 U.S.C. § 1332, the federal diversity statute. In its notice of removal, the Defendant asserts complete diversity of citizenship and an amount in controversy exceeding $75,000.

Before the Court is Plaintiff's motion to remand the action to state court (Docket Entry No. 8), to which the Defendant has responded. Plaintiff contends, in essence: (1) that "Defendant's unsupported allegation that the amount in controversy 'well exceeds $75,000' is purely speculative and insufficient to meet [Defendant's] burden to prove the amount in controversy"; and (2) that she is entitled to attorney's fees because the Defendant "'lacked an objectively reasonable basis for seeking removal.'" (Docket Entry No. 9, Plaintiff's

---

[1] Defendant avers that Plaintiff erroneously filed this action against Wal-Mart Stores, Inc., and that the correct entity in this action is instead Wal-Mart Stores East, LP (Docket Entry No. 4 at 1 n.1).

Memorandum of Law, at 5). Plaintiff also filed an amended complaint, seeking "past and future lost earnings…punitive and exemplary damages, with the total award to Plaintiff, exclusive of interest and costs, not to exceed $74,999.99." (Docket Entry No. 7, Amended Complaint, at 3).

Defendant responds, in sum: (1) that Plaintiff could have included the award limitation in her original complaint; (2) that Plaintiff's potential recovery for alleged damages easily meets the jurisdictional requirement; and (3) that Plaintiff's request for attorney's fees and costs related to her motion to remand should be denied because the Defendant had an objectively reasonable basis for removal. (Docket Entry No. 10).

## A. Analysis of the Motion

Plaintiff's original complaint sought back pay, front pay, punitive and exemplary damages. (Docket Entry No. 1-1, Complaint at 3). Plaintiff also seeks attorney's fees, costs, and "such other, further, and general relief as the Court may deem just and proper." Id. at 3-4. Plaintiff's original complaint, however, did not assert a specific amount of damages. Id. at 1-4. As stated earlier, Plaintiff amended her complaint to limit her damages claims to $74,999.99. (Docket Entry No. 7 at 3).

In response to Plaintiff's motion, Defendant asserts that Plaintiff earned $8.80 per hour when she was terminated. (Docket Entry No. 10-2 at 2). Defendant estimates that any back pay award from the date of Plaintiff's termination to present would approximate $19,008 in damages. (Docket Entry No. 10 at 5). Defendant asserts that a "very conservative" award of $38,000 in punitive damages, coupled with an attorney's fees award of $19,000 would cause the amount in controversy to be $76,000, exclusive of any front pay award. Id. Thus, Defendant argues that Plaintiff's claim "more likely than not" satisfies the $75,000 requirement. Id. at 4-5.

2

## B. Conclusions of Law

As an initial matter, the Court is "'under a continuing obligation to verify [its] jurisdiction over [this action].'" East Brooks Books, Inc. v. City of Memphis, 633 F.3d 459, 464 n.3 (6th Cir. 2011) (citation omitted). "'The existence of subject matter jurisdiction may be raised at any time, by any party, or even sua sponte by the court itself.'" Id. (citation omitted). Further, "[a]ny court may address the issue of subject matter jurisdiction at any time, with or without the issue being raised by a party to the action." Cmty Health Plan of Ohio v. Mosser, 347 F.3d 619, 622 (6th Cir. 2003) overruled on other grounds by Primax Recoveries, Inc. v. Gunter, 433 F.3d 515 (6th Cir. 2006) (citation omitted).

Here, Defendant asserts that the Court has subject matter jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000. (Docket Entry No. 1 at ¶¶ 1-6). Generally, under 28 U.S.C. 1441(a), "a defendant may remove any civil action brought in state court to federal district court as long as the district court possesses original jurisdiction." Goin v. Bass Pro Outdoor World, 437 F. Supp.2d 762, 765 (W.D.Tenn. 2006) (citing 28 U.S.C. § 1441(a)). Yet, "[a] civil action 'arising under the workmen's compensation laws of [a] State' cannot be removed to a federal district court." Harper v. AutoAlliance Int'l, 392 F.3d 195, 202 (6th Cir. 2004) (quoting 28 U.S.C. § 1445(c)).

Yet, this statutory bar does not apply to a state law retaliatory discharge claim that was not created by the state's workers' compensation law. Harper, 392 F.3d at 205. Tennessee courts have held that the "Tennessee's worker's compensation statute does not expressly create a cause of action for retaliatory discharge, [that is a] 'common law tort action' [that] was created by the Supreme Court of Tennessee in [Clanton v. Cain-Sloan Co., 677 S.W.2d 441, 445 (Tenn.

3

1984)]". Gosnell v. Interstate Distrib. Co., No. 2:09-CV-030, 2009 WL 1346051, at *2 (E.D.Tenn. May 11, 2009). Thus, "[Tennessee's statute 'implies the existence of a right not to have workers' compensation benefits terminated by a wrongful discharge, but it does establish any means of enforcing that right'...therefore [a claim for retaliatory discharge does] not arise under Tennessee's worker's compensation laws.". McCormack v. R.R. Donnelley & Sons, Co., 436 F. Supp. 2d 857, 859 (E.D.Ky. 2006) (quoting Nixon v. Waste Mgmt., Inc., 156 Fed.Appx. 784, 787 (6th Cir. 2005)).

Yet, where the state retaliation claim "'necessarily depends on resolution of a substantial question of worker compensation law.'" Linfoot v. MD Helicopters, Inc., No. 3:09-0639, 2010 WL 4659482, at *2 (M.D.Tenn. Nov. 9, 2010). In such instances, "[t]he retaliation claim [must] implicate the administrative or remedial mechanisms of that statutory scheme, require courts to interpret the statute, or seek an award of compensation for personal injury that causes a diminished wage-earning capacity, which is the only type of compensation that the statute affords." Harper, 392 F.3d at 205 (finding that a state common law retaliatory discharge claim did not present any substantial issue under Michigan's worker's compensation laws) (citation omitted). As stated earlier, as a matter of law, Tennessee's worker's compensation law did not create this retaliation claim. Plaintiff's claim does not present any substantial issue of law under Tennessee's worker's compensation law. Thus, the Court concludes that Plaintiff's claim is removable.

Removal statutes are subject to strict construction, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941), and are "to be construed strictly, narrowly and against removal." Tech Hills II Assoc. v. Phoenix Home Life Mut. Ins. Co., 5 F.3d 963, 968 (6th Cir. 1993).

Moreover, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999).

As to whether the amount in controversy satisfies the prerequisite for diversity jurisdiction, 28 U.S.C. § 1332(a) provides that "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - - citizens of different States." Damages claims can be aggregated to establish the jurisdictional amount requirement, Lemmon v. Cedar Point, Inc., 406 F.2d 94, 96 (6th Cir. 1969), including punitive damages "unless it is apparent to a legal certainty that such cannot be recovered." Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 572 (6th Cir. 2001) (citation omitted).

In diversity actions, "[t]he general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" Horton v. Liberty Mut. Life Ins. Co., 367 U.S. 348, 353 (1961) (quoting St. Paul Mercury Indem. Co. v. Red Cab. Co., 303 U.S. 283, 288 (1938)). Federal jurisdiction in a diversity case is determined at the time of removal. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000). When considering a motion to remand, courts look to "whether the action was properly removed in the first place." Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 453 (6th Cir. 1996).

In Hayes v. Equitable Energy Res. Co., 266 F.3d 560 (6th Cir. 2001), the plaintiff's original complaint that was the basis for removal did not specify any value of her damages claims. Hayes, 266 F.3d at 573. The Sixth Circuit noted that "'[f]ailure to adequately plead the amount in controversy requirement may be cured by the presence of 'clear allegations . . . that the

5

case involved a sum well in excess of the $75,000 minimum.'" Id. (quoting Cook v. Winfrey, 141 F.3d 322, 326 (7th Cir. 1998)). Moreover, "a post-remand stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." Rogers, 230 F.3d at 872. Yet, "where a complaint does not state the amount of damages, a post-removal stipulation can be understood as a clarification of the amount in controversy at the time of removal." Labuy v. Peck, 790 F.Supp.2d 601, 603 (E.D.Ky. 2011).

Here, there is not any stipulation of the amount in controversy. Thus, the burden is on the Defendant "to show by a preponderance of the evidence that the amount in controversy requirement has been met." Hayes, 266 F.3d at 572. The Defendant satisfies this burden if the Defendant proves that "it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirements." Rogers, 230 F.3d at 871 (citation omitted). In Hayes, the plaintiff did not assert an amount in controversy and did not stipulate that the damages were under $75,000. Id. The initial complaint in Hayes sought "royalties and gross values of minerals extracted from four separate wells, two of which dated back to 1941, as well as punitive damages." Id. The notice of removal alleged that "Plaintiffs were 'seeking unspecified and unliquidated damages, that based upon a fair reading of [Plaintiffs'] complaint, will exceed Seventy Five Thousand Dollars ($75,000) if proven.'" Id. The Sixth Circuit held that Defendant's pleading of the amount in controversy requirement in the notice of removal was adequate, and agreed that a "fair reading of the unspecified and unliquidated damages sought by Plaintiffs [in the initial complaint] provided that more than $75,000 was in controversy." Id. Thus, the Sixth Circuit concluded that the defendant "met its burden of demonstrating satisfaction of the amount in controversy requirement for diversity jurisdiction." Id.

6

Case 1:12-cv-00029   Document 13   Filed 05/18/12   Page 6 of 8 PageID #: 63

Here, although Plaintiff's original complaint did not assert an amount in controversy, Defendant asserts that Plaintiff sought back pay and punitive damages awards that, coupled with a "very conservative" award of attorney's fees in the amount of $19,000, would place the amount in controversy over the jurisdictional limit, exclusive of a front pay award. (Docket Entry No. 10 at 5). As to back pay, as Plaintiff's former employer, the Defendant has the requisite information for an objective assessment of Plaintiff's estimated back pay award as of the time of removal.

As to the Defendant's inclusion of an estimated punitive damages award for the amount in controversy, Tennessee law authorizes punitive damages for this claim. Farrington v. Cox, No. 3:07-CV-220, 2007 WL 2138631, at *2 (E.D.Tenn. July 23, 2007) ("'[i]n calculating the amount in controversy, compensatory and punitive damages claimed by plaintiff are included, as are any statutory penalties and statutory attorney's fees sought by a plaintiff.'"). The Defendant's estimate of punitive damages at two times the estimated amount of back pay award is within the range of reasonableness. State Farm Mut. Automobile Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003) ("we concluded that an award of more than four times the amount of compensatory damages might be close to the line of constitutional propriety.") (citation omitted)

As to the defendant's estimation of an award of attorney fees for Plaintiff's claims, Plaintiff's original complaint did request an award of attorney fees, but did not state the basis for such an award. (Docket Entry No. 1-1, Complaint at 3). "Tennessee courts follow the American Rule which provides that litigants must pay their own attorney fees unless there is a contract or contractual provision providing otherwise." Taylor v. Fezell, 158 S.W.3d 352, 359 (Tenn. 2005). Although Tennessee's worker's compensation statute provides for attorney's fees, Tenn. Code Ann. § 50-6-226(a)(1), Plaintiff's claim does not fall under that statute. There is not any showing

7

of any agreement between the parties that authorizes an award of attorney fees for this controversy. Thus, the Court concludes that the Defendant made an erroneous assumption by including an estimated attorney's fee award in proving the amount in controversy. Without that estimated award, Defendant does not prove that Plaintiff's claim more likely than not exceeds $75,000.

As to Plaintiff's request for attorney's fees, "[w]hen remanding a case to state court pursuant to 28 U.S.C. § 1447(c), this Court has discretion to award attorney's fees and costs to the plaintiffs if 'the removing party lacked an objectively reasonable basis for seeking removal.'" Caudill v. Ritchie, No. 09-28-ART, 2009 WL 1211017, at *4 (E.D.Ky. May 1, 2009) (citing Chase Manhattan Mortgage Corp. v. Smith, 507 F.3d 910, 914 (6th Cir. 2007) and quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)). Here, the Defendant made an erroneous assumption on the availability of an attorney's fee award in disregard of Tennessee law. Yet, Plaintiff's complaint sought attorney's fees, giving rise to Defendant's error.

For these reasons, the Court concludes that Plaintiff's motion to remand (Docket Entry No. 8) should be granted, and that Plaintiff's request for attorney's fees should be denied.

An appropriate Order is filed herewith.

Entered on this the ___ day of May, 2012.

WILLIAM J. HAYNES, JR,
United States District Judge